# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 09-50377
c/w No. 09-50378
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE REYES BARRAZA-MONTES DE OCA, also known as Jose Luis Marquez, also known as Noe Barraza-Reyes, also known as Noe Montes-Barraza,

Defendant-Appellant

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE REYES BARRAZA-MONTES DE OCA, also known as Noe Montes-De Oca, also known as Jose Luis Marquez, also known as Noe Barraza-Reyes, also known as Noe Reyes-Barraza-Montes,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3407-1
USDC No. 3:05-CR-9-1

No. 09-50377
c/w No. 09-50378

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Noe Reyes Barraza-Montes De Oca (Barraza) appeals following his guilty-plea conviction of, and sentence for, illegal reentry and the concomitant revocation of his supervised release related to a prior conviction for illegal reentry. Barraza was sentenced to 41 months' imprisonment and a consecutive 18-month term of imprisonment for violating the terms of his supervised release.

Barraza contends that his 41-month sentence is unreasonable because it is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). Barraza argues that the non-violent nature of the illegal reentry offense and his motive for reentering mitigate the seriousness of the offense. Barraza also argues that § 2L1.2 double-counts criminal history without an empirical basis. Barraza's appellate arguments fail to establish that his sentence was unreasonable.[1]

Barraza contends that the 18-month revocation sentence was unreasonable because it constituted an additional punishment for his new offense, instead of a penalty for his breach of trust for violating the terms of his supervised release. Barraza also argues that the sentence was unreasonable because it was imposed consecutively to the sentence for illegal reentry. Barraza's appellate arguments fail to establish that his sentence was unreasonable or plainly unreasonable.[2]

The sentences are AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] *See United States v. Jones*, 484 F.3d 783, 791–92 (5th Cir. 2007).